**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGATTA BAY LIMITED, | No. 11-16440 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01619-PMP-PAL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Appellant Regatta Bay Limited appeals from the district court's judgment entered after granting of the Government's motion to dismiss for lack of jurisdiction or, alternatively, for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We conclude that Regatta failed to establish that it had the kind of "special relationship" with HUD necessary under Nevada law to support an action for either tortious breach of the covenant of good faith and fair dealing or tortious breach of a fiduciary duty. *See Ins. Co. of the West v. Gibson Tile Co.*, 134 P.3d 698, 702-03 (Nev. 2006) (en banc). Regatta and HUD's relationship was essentially that of a principal and surety as HUD insured Regatta's mortgage obligations. *See Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 260 (Nev. 1997). Nevada courts have refused to hold that there is a "special relationship" in such a situation. *Ins. Co. of the West*, 134 P.3d at 702; *Great Am.*, 934 P.2d at 354-56. Further, although HUD, as a government agency, was larger and more powerful, Regatta was nevertheless a sophisticated commercial entity represented by a managing partner with significant real estate and business experience. Despite HUD's inherent clout, the two entities' course of dealings most closely resembles the type of arm's-length business interactions between private parties that courts have found insufficient under Nevada law to constitute a "special relationship." *See Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1161, 1166 (D. Nev. 2005); *Great Am.*, 934 P.2d at 263; *Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983).

Because Regatta did not establish that the essential "special relationship" existed between itself and HUD, Regatta failed to demonstrate that the Government

2

could be liable "in the same manner and to the same extent as a private individual under like circumstances" in Nevada for tortious breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. 28 U.S.C. § 2674. As a result, Regatta did not satisfy the requirements of the Federal Tort Claims Act. *Id.* We thus conclude that the district court did not error as a matter of law in granting the Government's motion to dismiss, or, alternatively, for summary judgment as to Regatta's breach of the covenant of good faith and fair dealing and breach of fiduciary duty tort claims.

    **AFFIRMED.**